UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-62765-Scola

CHRISTOPHER HANSEN,

        Plaintiff,

v.

BEACH BUMS POMPANO II, L.L.C. and
ATLANTIC 3350, L.L.C.,

        Defendants.
_____/

## 1st AMENDED COMPLAINT

Plaintiff, CHRISTOPHER HANSEN, by his undersigned counsel, hereby files this 1st Amended Complaint and sues, BEACH BUMS POMPANO II, L.L.C. and ATLANTIC 3350, L.L.C., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

### JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

### PARTIES

2.    Plaintiff, CHRISTOPHER HANSEN, is a lifelong resident of Florida and currently lives in Miami, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Christopher is a partial quadriplegic, as a result of a skim boarding accident in 2003.

1

He is bound to ambulate in a wheelchair. Mr. Hansen owns his own vehicle and does drive. He has visited the property which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

     3.     Defendant, BEACH BUMS POMPANO II, L.L.C., transacts business in the State of Florida and within this judicial district. Defendant in the owner, lessee, and/or operator of the real property and improvements which are the subject of this action located on or 3308 E Atlantic Blvd, Pompano, Florida (hereinafter the "facility").

     4.     Defendant, BEACH BUMS POMPANO II, L.L.C., is a domestic limited company of the state of Florida, and has concealed its whereabouts. Thereby, in accordance with the privilege extended by law to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them may be effectuated.

     5.     Defendant, ATLANTIC 3350, L.L.C., transacts business in the State of Florida and within this judicial district. Defendant in the owner, lessee, and/or operator of the real property and improvements which are the subject of this action located on or about 3308 E Atlantic Blvd, Pompano, Florida (hereinafter the "facility").

6. The Defendants' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

7. In this instance, Mr. Hansen, visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

8. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

9. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

10. Mr. Hansen has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

11. Mr. Hansen intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

12.     Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

13.     Defendants have discriminated against Mr. Hansen by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

    I.    REQUIRED ACCESSIBLE SPACE AT THE BAR IS NOT PROVIDED. THE HEIGHT OF THE BAR EXCEEDS THE MAXIMUM HEIGHT ALLOWANCE. A PORTION(5%) OF THE BAR THAT IS REQUIRED TO BE ACCESSIBLE IS NOT PROVIDED. REQUIRED TOE AND KNEE CLEARANCE IS NOT PROVIDED.
        a.    Contrary to ADAAG 226, ADAAG 226.1, ADAAG 902, ADAAG 902.1, and ADAAG 902.3.
    II.    REQUIRED MINIMUM CLEAR WIDTH IS NOT PROVIDED AT THE MENS RESTROOM DOOR OPENING.
        a.    Contrary to ADAAG 404.2.3.
    III.    REQUIRED MINIMUM MANEUVERING CLEARANCE IS NOT PROVIDED AT THE INTERIOR / EXIT SIDE OF THE MENS RESTROOM DOOR .
        a.    Contrary to ADAAG 404.2.4.
    IV.    NON COMPLIANT DOOR KNOB AT THE MENS RESTROOM DOOR REQUIRES TWISTING OF THE WRIST.
        a.    Contrary to ADAAG 404.2.7 and ADAAG 309.4.
    V.    REQUIRED MINIMUM TURNING SPACE IS NOT PROVIDED IN THE MENS RESTROOM.
        a.    Contrary to ADAAG 603, ADAAG 603.1, ADAAG 603.2,

    ADAAG 603.2.1, ADAAG 304.3 and ADAAG 304.3.1.
VI. REQUIRED MINIMUM FLOOR SPACE IS NOT PROVIDED AT THE LAVATORY IN THE MENS RESTROOM.
 a. Contrary to ADAAG 606, ADAAG 606.2 and ADAAG 305.3.
VII. REQUIRED TOE AND KNEE CLEARANCE IS NOT PROVIDED AT THE LAVATORY IN THE MENS RESTROOM.
 a. Contrary to ADAAG 606.2, ADAAG 306, ADAAG 306.2, ADAAG 306.2.3, ADAAG 306.2.5, ADAAG 306.3, ADAAG 306.3.3 and ADAAG 306.3.5.
VIII. NON COMPLIANT MOUNTED HEIGHT OF PAPER TOWEL DISPENSER IN MENS RESTROOM EXCEEDS THE MAXIMUM HEIGHT ALLOWANCE.
 a. Contrary to ADAAG Advisory 606.1.
IX. NON COMPLIANT POSITION OF THE MIRROR IN THE MENS RESTROOM EXCEEDS THE MAXIMUM HEIGHT ALLOWANCE.
 a. Contrary to ADAAG 603.3.
X. REQUIRED MINIMUM CLEARANCE IS NOT PROVIDED AT THE WATER CLOSET IN THE MENS RESTROOM.
 a. Contrary to ADAAG 604.3 and ADAAG 604.3.1.
XI. REQUIRED GRAB BARS ARE NOT PROVIDED ON THE REAR AND SIDE WALLS AT THE WATER CLOSET IN THE MENS RESTROOM.
 a. Contrary to ADAAG 604.5.
XII. THE TOILET PAPER DISPENSER IN THE MENS RESTROOM IS MOUNTED AT A NON COMPLIANT DISTANCE FROM THE WATER CLOSET EXCEEDING THE MAXIMUM DISTANCE AND HEIGHT ALLOWANCE.
 a. Contrary to ADAAG 604.7.
XIII. REQUIRED MINIMUM MANEUVERING CLEARANCE IS NOT PROVIDED AT THE INTERIOR / EXIT SIDE OF THE LADIES RESTROOM DOOR .
 a. Contrary to ADAAG 404.2.4.
XIV. NON COMPLIANT DOOR KNOB AT THE LADIES RESTROOM DOOR REQUIRES TWISTING OF THE WRIST.
 a. Contrary to ADAAG 404.2.7 and  ADAAG 309.4
XV. THE LADIES RESTROOM DOOR SWINGS INWARD TO THE CLEAR FLOOR SPACE OF BOTH THE WATER CLOSET AND LAVATORY.
 a. Contrary to ADAAG 603.2.3.
XVI. REQUIRED MINIMUM FLOOR SPACE IS NOT PROVIDED AT THE LAVATORY IN THE LADIES RESTROOM..
 a. Contrary to ADAAG 606, ADAAG 606.2, and ADAAG 305.3.
XVII. INSULATION OF THE EXPOSED PIPES UNDER LAVATORY IN THE LADIES RESTROOM IS NOT PROVIDED AS REQUIRED.
 a. Contrary to ADAAG 606.5.

XVIII. NON COMPLIANT FAUCET KNOBS AT THE LAVATORY IN THE LADIES RESTROOM REQUIRE TWISTING OF THE WRIST.
   a. Contrary to ADAAG 606.4 and ADAAG 309.4.
XIX. NON COMPLIANT MOUNTED HEIGHT OF PAPER TOWEL DISPENSER IN LADIES RESTROOM EXCEEDS THE MAXIMUM HEIGHT ALLOWANCE.
   a. Contrary to ADAAG Advisory 606.1.
XX. REQUIRED MINIMUM CLEARANCE IS NOT PROVIDED AT THE WATER CLOSET IN THE LADIES RESTROOM.
   a. Contrary to ADAAG 604.3 and ADAAG 604.3.1.
XXI. NON COMPLIANT EXISTING GRAB BAR ON THE REAR WALL OF THE LADIES RESTROOM DOES NOT MEET THE MINIMUM LENGTH REQUIREMENT.
   a. Contrary to ADAAG 604.5.2.
XXII. NON COMPLIANT EXISTING GRAB BAR ON THE SIDE WALL OF THE LADIES RESTROOM DOES NOT MEET THE MINIMUM LENGTH REQUIREMENT.
   a. Contrary to ADAAG 604.5.1.
XXIII. THE TOILET PAPER DISPENSER IN THE LADIES RESTROOM IS MOUNTED AT A NON COMPLIANT DISTANCE FROM THE WATER CLOSET EXCEEDING THE MAXIMUM DISTANCE ALLOWANCE.
   a. Contrary to ADAAG 604.7.

14. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

15. Mr. Hansen has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

15. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much

difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

19. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

*s/ Lauren Wassenberg*
LAUREN WASSENBERG, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 34083
429 Lenox Avenue Suite P503
Miami Beach, Florida 33139
Ph: (305) 804-5435
Fax: (866) 519-3748