United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Christopher Hansen, Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 14-62765-Civ-Scola |
| ) | |
| Beach Bums Pompano II, LLC and ) | |
| Atlantic 3350, LLC, Defendants ) | |

### **Default Judgement**

    Christopher Hansen requests a default judgment consistent with Federal Rule of Civil Procedure 55(b)(2). Previously, the Clerk of the Court entered a default under Rule 55(a). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

    The Complaint alleges that the Defendant, Atlantic 3350, LLC, violated the Americans with Disability Act by allowing a number of architectural barriers to exist on its property located at 3308 East Atlantic Boulevard, Pompano, Florida). Hansen alleges a long list of architectural barriers that violate the Americans with Disability Act. (Am. Compl. ¶¶ 13(I)–(XXIII), ECF No. 8.) By defaulting, Atlantic 3350, LLC admits these allegations. *Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307.

    After considering the motion, the record, and the relevant legal authorities, the Court **grants** the motion for default judgment (ECF No. 19). The Court **enters judgment** in favor of the Plaintiff, Christopher Hansen, and against the Defendant Atlantic 3350, LLC.[1]

    The Court **orders** Atlantic 3350, LLC to correct the following architectural barriers that violate the Americans with Disability Act and the ADA's Accessibility Guidelines (set forth in the Code of Federal Regulations):

1. Required accessible space at the bar is not provided. The height of the bar exceeds the maximum height allowance. A portion (5%) of the bar

---

[1] Hansen voluntarily dismissed his claims against the other Defendant, Beach Bums Pompano II, LLC. (Not. Vol. Dismissal, ECF No. 20.)

that is required to be accessible is not provided. Required toe and knee clearance is not provided.
- Contrary to Americans with Disabilities Act Accessibility Guidelines ("ADAAG") 226, ADAAG 226.1, ADAAG 902, ADAAG 902.1, and ADAAG 902.3.

2. Required minimum clear width is not provided at the mens restroom door opening.
    - Contrary to ADAAG 404.2.3.
3. Required minimum maneuvering clearance is not provided at the interior/exit side of the mens restroom door
    - Contrary to ADAAG 404.2.4.
4. Non-compliant door knob at the mens restroom door requires twisting of the wrist.
    - Contrary to ADAAG 404.2.7 and ADAAG 309.4.
5. Required minimum turning space is not provided in the mens restroom.
    - Contrary to ADAAG 603, ADAAG 603.1, ADAAG 603.2, 4 ADAAG 603.2.1, ADAAG 304.3 and ADAAG 304.3.1.
6. Required minimum floor space is not provided at the lavatory in the mens restroom.
    - Contrary to ADAAG 606, ADAAG 606.2 and ADAAG 305.3.
7. Required toe and knee clearance is not provided at the lavatory in the mens restroom.
    - Contrary to ADAAG 606.2, ADAAG 306, ADAAG 306.2, ADAAG 306.2.3, ADAAG 306.2.5, ADAAG 306.3, ADAAG 306.3.3 and ADAAG 306.3.5.
8. Non-compliant mounted height of paper towel dispenser in mens restroom exceeds the maximum height allowance.
    - Contrary to ADAAG Advisory 606.1.
9. Non-compliant position of the mirror in the mens restroom exceeds the maximum height allowance.
    - Contrary to ADAAG 603.3.
10. Required minimum clearance is not provided at the water closet in the mens restroom.
    - Contrary to ADAAG 604.3 and ADAAG 604.3.1.
11. Required grab bars are not provided on the rear and side walls at the water closet in the mens restroom.
    - Contrary to ADAAG 604.5.

12. The toilet paper dispenser in the mens restroom is mounted at a non-compliant distance from the water closet exceeding the maximum distance and height allowance.
    - Contrary to ADAAG 604.7.
13. Required minimum maneuvering clearance is not provided at the interior/exit side of the ladies restroom door.
    - Contrary to ADAAG 404.2.4.
14. Non-compliant door knob at the ladies restroom door requires twisting of the wrist.
    - Contrary to ADAAG 404.2.7 and ADAAG 309.4.
15. The ladies restroom door swings inward to the clear floor space of both the water closet and lavatory.
    - Contrary to ADAAG 603.2.3.
16. Required minimum floor space is not provided at the lavatory in the ladies restroom.
    - Contrary to ADAAG 606, ADAAG 606.2, and ADAAG 305.3.
17. Insulation of the exposed pipes under lavatory in the ladies restroom is not provided as required.
    - Contrary to ADAAG 606.5.
18. Non-compliant faucet knobs at the lavatory in the ladies restroom require twisting of the wrist.
    - Contrary to ADAAG 606.4 and ADAAG 309.4.
19. Non-compliant mounted height of paper towel dispenser in ladies restroom exceeds the maximum height allowance.
    - Contrary to ADAAG Advisory 606.1.
20. Required minimum clearance is not provided at the water closet in the ladies restroom.
    - Contrary to ADAAG 604.3 and ADAAG 604.3.1.
21. Non-compliant existing grab bar on the rear wall of the ladies restroom does not meet the minimum length requirement.
    - Contrary to ADAAG 604.5.2.
22. Non-compliant existing grab bar on the side wall of the ladies restroom does not meet the minimum length requirement.
    - Contrary to ADAAG 604.5.1.
23. The toilet paper dispenser in the ladies restroom is mounted at a non-compliant distance from the water closet exceeding the maximum distance allowance.
    - Contrary to ADAAG 604.7.

Atlantic 3350, LLC must comply with the terms of this final judgment by **October 7, 2015**.  The court retains jurisdiction to consider Nelson's request for attorney's fees and costs.  Any motion for attorney's fees and costs is due by **August 5, 2015**.

**Done and ordered** in chambers at Miami, Florida on July 8, 2015.

_____
Robert N. Scola, Jr.
United States District Judge